1

2

3

4

5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF WASHINGTON

7

JESSICA E. BELIEU,

| | |
|---|---|
| JESSICA E. BELIEU,<br><br>                    Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>                    Defendant. | NO:  13-CV-0144-TOR<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY<br>JUDGMENT |

13        BEFORE THE COURT are the parties' cross-motions for summary

14    judgment (ECF Nos. 15 and 24).  Plaintiff is represented by Joseph M. Linehan.

15    Defendant is represented by Kathy Reif.  The Court has reviewed the

16    administrative record and the parties' completed briefing and is fully informed.

17    For the reasons discussed below, the Court grants Defendant's motion and denies

18    Plaintiff's motion.

19    ///

20    ///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."

*Id.* at 1111.  An error is harmless "where it is inconsequential to the [ALJ's]

ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted).

The party appealing the ALJ's decision generally bears the burden of establishing

that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within

the meaning of the Social Security Act.  First, the claimant must be "unable to

engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than twelve

months."  42 U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment must be

"of such severity that he is not only unable to do his previous work[,] but cannot,

considering his age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy."  42 U.S.C.

§ 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to

determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §

404.1520(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's

work activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in

"substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §404.1520(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §404.1520(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

activities on a sustained basis despite his or her limitations (20 C.F.R. § 404.1545(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work").  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §404.1520(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience.  *Id.*  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).  If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If the analysis proceeds to step five, the burden shifts to the Commissioner to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

establish that (1) the claimant is capable of performing other work; and (2) such

work "exists in significant numbers in the national economy."  20 C.F.R.

§ 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

### ALJ'S FINDINGS

Plaintiff applied for supplemental security income (SSI) benefits on January

19, 2010.  Tr. 184-190.  Her claims were denied initially and on reconsideration,

Tr. 122-125, 126-130, and Plaintiff requested a hearing, Tr. 131.  Plaintiff

appeared for a hearing before an administrative law judge on June 28, 2011 and

October 11, 2011.  Tr. 42-119.  The ALJ issued a decision on December 9, 2011,

finding that Plaintiff was not disabled under the Act.  Tr. 22-31.

At step one, the ALJ found that Plaintiff had not engaged in substantial

gainful activity since January 19, 2010, the date of her application for Title XVI

benefits.  Tr. 24.  At step two, the ALJ found that Plaintiff had severe impairments

consisting of hepatitis C, migraine headaches, fibromyalgia, and bipolar disorder.

*Id*.  At step three, the ALJ found that these impairments did not meet or medically

equal a listed impairment.  Tr. 25-26.  The ALJ then determined that Plaintiff had

the RFC to:

> perform less than the full range of light level work as defined in 20
> CFR 416.967(b).  The claimant can perform no more than occasional
> postural activity with the exception of preclusion from climbing
> ladders, ropes, or scaffolds.  The claimant should avoid concentrated
> exposure to vibration and hazards.  The claimant can perform no more

than semi-skilled tasks with no more than superficial contact with the
general public.

Tr. 26.  At step four, the ALJ found that the Plaintiff is capable of performing past

relevant work as a fast food worker, cashier/checker, sales clerk, food, and sewing

machine operator.  Tr. 30.  Since Plaintiff was found not to be disabled at step four,

no step five analysis was performed.  Thus, the ALJ concluded that Plaintiff was

not disabled and denied her claim on that basis.  *Id.*

On December 21, 2011, Plaintiff requested review of the ALJ's decision by

the Appeals Council.  Tr. 16-18.  The Appeals Council denied Plaintiff's request

for review on February 14, 2013, Tr. 1-6, making the ALJ's decision the

Commissioner's final decision that is subject to judicial review.  42 U.S.C.

§§ 405(g), 1383(c)(3);  20 C.F.R. §§ 416.1481, 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying

her supplemental security income under Title XVI of the Social Security Act.

Plaintiff has identified three issues for review:

1. Whether the ALJ properly discounted Plaintiff's credibility;

2. Whether the ALJ properly discounted the opinion of an examining
   psychologist;

3. Whether the ALJ gave a germane reason for discounting the
   opinion of an "other source" of information.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

**DISCUSSION**

**A. Adverse Credibility Finding**

In social security proceedings, a claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. §§ 416.908; 416.927. A claimant's statements about his or her symptoms alone will not suffice. 20 C.F.R. §§ 416.908; 416.927. Once an impairment has been proven to exist, the claimant need not offer further medical evidence to substantiate the alleged severity of his or her symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). As long as the impairment "could reasonably be expected to produce [the] symptoms," the claimant may offer a subjective evaluation as to the severity of the impairment. *Id.* This rule recognizes that the severity of a claimant's symptoms "cannot be objectively verified or measured." *Id.* at 347 (quotation and citation omitted).

If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). In making this determination, the ALJ may consider, *inter alia*: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between her

1   testimony and her conduct; (3) the claimant's daily living activities; (4) the

2   claimant's work record; and (5) testimony from physicians or third parties

3   concerning the nature, severity, and effect of the claimant's condition.  *Id.*  If there

4   is no evidence of malingering, the ALJ's reasons for discrediting the claimant's

5   testimony must be "specific, clear and convincing."  *Chaudhry v. Astrue*, 688 F.3d

6   661, 672 (9th Cir. 2012) (quotation and citation omitted).

7         Plaintiff believes she proved she was much more psychologically limited

8   than the ALJ found, in part, on the basis of her testimony.  ECF No. 15 at 9-10.

9   The ALJ credited evidence of malingering when she found significant Dr. Kusch's

10  report that plaintiff might have been attempting to exaggerate her symptoms.

11  Tr. 28.  Dr. Kusch's summary states that Plaintiff portrayed herself in a particularly

12  negative manner that may be consistent with malingering or attempting to

13  communicate severe disturbance through exaggeration of symptoms. Tr. 27, 250.

14  When the record contains affirmative evidence of malingering, the ALJ does not

15  have the obligation to give clear and convincing reasons to reject

16  a claimant's subjective complaints. *Cf. Valentine v. Comm'r of Soc. Sec. Admin.,*

17  574 F.3d 685, 693 (9th Cir. 2009) ("As there was no evidence of malingering, the

18  ALJ had to explain why she did not find Valentine's subjective contentions about

19  his limitations to be persuasive.").   Nevertheless, the ALJ gave additional clear

20  and convincing reasons for finding Plaintiff not credible. Tr. 27-30.

First, inappropriately seeking medication is a sufficient reason to conclude that a claimant was not credible. *Edlund v. Massanari,* 253 F. 3d 1152, 1157 (9th Cir. 2001).  On multiple occasions, Plaintiff's requests for narcotics were denied due to the treatment providers suspecting exaggeration and inappropriate narcotics seeking. Tr. 30, 391, 393.

Second, the ALJ found that Plaintiff's wide range of activities contradicted her claims. Tr. 27.  Even though Plaintiff testified she could not get along with others, pick up boxes or get down to play with her children, she was able to build shelves, move furniture, walk a dog, and also maintain friendships and romantic relationships. Tr. 78, 80, 93, 104, 381, 383.  Third, the ALJ reasonably determined that Plaintiff's minimal symptoms following lengthy breaks from her bipolar medications undermined her testimony of debilitating limitations.

Conservative treatment can be "sufficient to discount a claimant's testimony regard [the] severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 750-751 (9th Cir. 2007).  The ALJ found Plaintiff's credibility weakened by the minimal treatment prescribed for her allegedly debilitating conditions.  Tr. 30.  Plaintiff argues that her failure to seek treatment should not be used against her because she has a mental illness.  ECF No. 15 at 13. But that misses the mark.  Rather, the ALJ noted Plaintiff's symptoms were minimal following breaks in treatment, and when

1  she was treated for more serious conditions, her medical providers advised

2  conservative care.  Tr. 28, 30.

3          The ALJ's negative credibility findings are fully supported by the evidence

4  in the record.

5  **B. Examining Physician Opinions**

6          A treating physician's opinions are entitled to substantial weight in social

7  security proceedings.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228

8  (9th Cir. 2009).  If a treating or examining physician's opinion is uncontradicted,

9  an ALJ may reject it only by offering "clear and convincing reasons that are

10  supported by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th

11  Cir. 2005).  "However, the ALJ need not accept the opinion of any physician,

12  including a treating physician, if that opinion is brief, conclusory and inadequately

13  supported by clinical findings."  *Bray*, 554 F.3d at 1228 (quotation and citation

14  omitted).  "If a treating or examining doctor's opinion is contradicted by another

15  doctor's opinion, an ALJ may only reject it by providing specific and legitimate

16  reasons that are supported by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d

17  at 1216 (*citing Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)). An ALJ

18  may also reject a treating physician's opinion which is "based to a large extent on a

19  claimant's self-reports that have been properly discounted as incredible."

20

1    *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (internal quotation and

2    citation omitted).

3        Although the treating physician's opinion is generally afforded the greatest

4    weight, it is not binding on the ALJ regarding the existence of an impairment or

5    determination of disability.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir.

6    2001).  Although the contrary opinion of a non-examining medical expert does not

7    alone constitute a specific, legitimate reason for rejecting a treating or examining

8    physician's opinion, it may constitute substantial evidence when it is consistent

9    with other independent evidence in the record.  *Tonapetyan*, 242 F.3d at 1149

10    (citation omitted); *accord Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

11        Plaintiff claims that the ALJ did not properly consider nor reject the opinion

12    of examiner Janice Kusch, Ph.D. and challenges the ALJ's decision to give only

13    some weight to said opinion.  Dr. Kusch significantly relied on Plaintiff's self-

14    reports and Plaintiff's credibility was properly discounted by the ALJ on this basis.

15    The ALJ found marked social limitations inconsistent with Dr. Kusch's assessment

16    of symptom exaggeration, Plaintiff's ability to maintain employment for 2.5 years,

17    and Dr. Kusch's opinion that she was pleasant to work with despite her self-reports

18    of irritability. Tr. 27-28, 249, 251. *See Bayliss v. Barnhart,* 427 F.3d 1211, 1216

19    (9th Cir. 2005) (Contradictions between a doctor's opinion and that doctor's own

20    clinical notes and observations "is a clear and convincing reason for not relying on

1  the doctor's opinion[.]").   The ALJ also found significant Dr. Kusch's opinion that

2  Plaintiff's ability to maintain employment for 2.5 years despite her long-standing

3  bipolar disorder indicated to Dr. Kusch an ability to maintain employment with

4  medication and symptom management.  Tr. 28, 251.

5         For all these reasons, the ALJ did not err in only giving "some weight" to

6  Dr. Kusch's opinion.

7     **C. Discounting the Opinion of an "other source."**

8         As governed by 20 C.F.R. § 416.913(d)(1), Mr. Miller is considered an

9  "other source" rather than an "acceptable medical source" since he is a therapist.

10 Mr. Miller opined that Plaintiff had multiple moderate and marked functional

11 limitations.  Plaintiff asserts the ALJ discounted Mr. Miller's opinion improperly.

12 ECF No. 15 at 12-13.  The ALJ gave little weight to his opinion, as it was not

13 consistent with the objective medical evidence. Tr. 28.  The ALJ need only provide

14 a germane reason for discounting Mr. Miller's opinion. *See Turner v. Comm'r of*

15 *Soc. Sec.,* 613 F.3d 1217, 1224 (9th Cir. 2010).

16        Mr. Miller found that Plaintiff was oriented to person, place, date, and

17 circumstances. Tr. 28.  Mr. Miller also found that Plaintiff's Mini-Mental Status

18 Examination (MMSE) score was 29 (out of 30).  Tr. 28, 423-26.  Mr. Miller's

19 assessment relies heavily on Plaintiff's subjective reporting.  Tr. 28.  A

20 psychological opinion that is "not supported by clinical evidence" and is based in

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

part on a claimant's subjective complaints which have been rejected, may also properly be rejected. The ALJ provided germane reasons for rejecting Mr. Miller's opinion.

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 24) is **GRANTED**.

The District Court Executive is hereby directed to file this Order, enter **JUDGMENT** for Defendant, provide copies to counsel, and **CLOSE** the file.

**DATED** this September 17, 2014

THOMAS O. RICE
United States District Judge